# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

S.P. RICHARDS COMPANY,
a Georgia Corporation

      Plaintiff,

v.                                                                Case No.: 8:11-cv-01204-EAK-TGW

HYDE PARK PAPER COMPANY, INC.
a Florida Corporation and PAUL
ALAN HOFFMAN, jointly and severally

      Defendants,

and

FREEDMAN OFFICE SUPPLY, LLC,
a Florida Limited Liability Company

      Supplemental Defendant.
_____/

## ORDER ON FREEDMAN OFFICE SUPPLY'S MOTION FOR RECONSIDERATION OR REHEARING OF ORDER ON SUPPLEMENTAL DEFENDANT'S MOTION TO STRIKE AND MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

This matter comes before the Court on Supplemental Defendant Freedman Office Supply's ("Freedman Office") Motion for Reconsideration or Rehearing of Order on Supplemental Defendant's Motion to Strike and Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. 67) and Plaintiff S.P. Richards Company's ("S.P. Richards") Memorandum of Law in Opposition to Supplemental Defendant's Motion for Reconsideration. (Doc. 68). For the reasons that follow, Freedman Office's Motion for Reconsideration or Rehearing of Order on

1

Supplemental Defendant's Motion to Strike and Motion for Summary Judgment and Incorporated Memorandum of Law is **DENIED**.

### Background and Procedural History

S.P. Richards filed a complaint against Defendants Hyde Park Paper Company, Inc., ("Hyde Park Paper") and Mr. Paul Hoffman ("Hoffman") on May 31, 2011, alleging breach of contract. (Doc. 1). Hyde Park Paper and Hoffman failed to defend the suit. (Doc. 12). Accordingly, on August 5, 2011, a default judgment was entered against Hyde Park Paper and Hoffman in the amount of $174,508.28. (Doc. 16).

After the default judgment was entered, S.P. Richards attempted to enforce the judgment by obtaining a writ of execution against Hyde Park Paper (Doc. 21) and a writ to garnish Hoffman's wages. (Doc. 22). S.P. Richards later agreed to dissolve the writ to garnish due to Hoffman's head of household exemption from wage garnishment. (Docs. 24, 27).

Thereafter, S.P. Richards amended its complaint, stating a claim against Freedman Office under the Uniform Fraudulent Transfers Act ("UFTA"). (Doc. 46). S.P Richards alleges that on or around January 21, 2011, Hyde Park Paper and Hoffman transferred property to Freedman Office with the actual intent to hinder, delay, or defraud and Hyde Park Paper did not receive reasonably equivalent value for the property received. (Doc. 46 ¶ 6–7).

Freedman Office filed a Motion to Strike the affidavit of Mr. Ray Caissie ("Caissie") and paragraphs 8, 9, and 11 of Mr. Phillip Welch's affidavit. (Doc. 62). Both parties stipulated and agreed to S.P. Richard's withdrawal of Caissie's

affidavit. (Doc. 63). Freedman Office also filed a Motion for Summary Judgment on May 29, 2015. (Doc. 53). On July 28, 2015, the Court denied Freedman Office's Motion to Strike and Motion for Summary Judgment (Doc. 66).

Freedman Office filed a Motion for Reconsideration or Rehearing (Doc. 67) on August 25, 2015, and on September 8, 2015, S.P. Richard's filed a Memorandum in Opposition (Doc. 68) in response.

## Legal Standard

Federal Rule of Civil Procedure 59 allows a party to make a motion to alter or amend a judgment within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Rule 59(e), unlike Rule 60(b), does not set forth any grounds for relief, giving district courts considerable discretion in reconsidering an issue. *American Home Assur. Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1238–9 (11th Cir. 1985). The grant or denial of a Rule 59(e) motion for reconsideration is reversible only for abuse of discretion. *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).

Reconsideration of a previous order is an extraordinary measure to be employed sparingly. *Mannings v. School Board of Hillsborough County*, 149 F.R.D. 235 (M.D. Fla. 1993); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). There are three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *Chico's Fas, Inc. v. Clair*, 2015 U.S. Dist. LEXIS 131311 (M.D. Fla. Sept. 29, 2015) (quoting *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)).

3

## Discussion

In its Motion for Reconsideration, Freedman Office contends this Court has made both an error of law when it ruled that Hoffman's customer list and goodwill were assets of Hyde Park which were transferred to Freedman Office and an error of fact when it ruled that a jury could reasonably find that Freedman Office failed to supply reasonably equivalent value in exchange for Hoffman's customer list and goodwill. (Doc. 67). Each of Freedman Office's contentions of error will be examined in turn.

**I.**   Error of Law

Freedman Office argues that the customer list only had value when coupled with Hoffman's services and therefore was an asset of Hoffman and not Hyde Park. (Doc. 67). A split of authority exists as to whether or not a customer list and accompanying goodwill have value under the UFTA.

Freedman Office cites *In re Corrugated Paper Co.*, 185 B.R. 667 (Bankr. D. Mass. 1995), *Jarro v. United States*, 830 F.Supp. 606 (S.D. Fla. 1993), and *Geltzer v. Bloom*, 404 B.R. 345 (Bankr. S.D.N.Y. 2009). In those cases, the courts found that customer lists held no value for purposes of bankruptcy proceedings.

S.P. Richards, for its part, cites *In re Prince*, 85 F.3d 314 (7th Cir. 1996), a case in which a customer list was found to have value.

In denying Freedman Office's Motion for Summary Judgment, this Court chose to defer to the decision of the Seventh Circuit in *Prince*. (Doc. 66). Freedman Office argues that *Prince* is inapposite in deciding in this case because the proceedings there involved a restructuring rather than asset liquidation such as is

4

the case here. (Doc. 67). Freedman Office's argument misses the Court's reasoning in denying its Motion for Summary Judgment. The distinction between a Chapter 7 or Chapter 11 proceeding is irrelevant. The true issue concerns the value of the customer list, if any, *at the time it was transferred* from Hyde Park Paper to Freedman Office.

Whether or not a customer list and accompanying customer goodwill are assets with value under the UFTA is an issue not yet decided by the courts of this jurisdiction. Without any binding precedent in support of its position, Freedman Office cannot meet the high threshold required for granting of a motion for reconsideration. Indeed, it is impossible for Freedman Office to claim an error of law when the law on this issue is not settled. Finally, the Court notes that Florida law explicitly considers customer lists to have value independent of any employee. *See* Fla. Stat. § 542.335(1)(b)(3).

## II.    Error of Fact

Freedman Office's further alleges this Court made an error of fact when it determined that Hyde Park and Hoffman received nothing for the customer list. (Doc. 67). Whether or not the $5,000 payment Freedman Office made to Hoffman constitutes "reasonably equivalent value" under the UFTA is a question of fact best left to the jury. Accordingly it is,

**ORDERED** that Freedman Office's Motion for Reconsideration or Rehearing of Order on Supplemental Defendant's Motion to Strike and Motion for Summary Judgment and Incorporated Memorandum of Law is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of October, 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:     All Counsel and Parties of Record